In the Matter of the Petition of OLIVE E. GRISMER and CHARLES V. GRISMER, as Surviving Executors, and of LESTER HARRISSON, as Executor, etc., of SAMUEL B. HAMBURGER, Deceased, Executor, etc., of JOSEPH R. GRISMER, Deceased, for the Judicial Settlement of the Account of Such Executors. WORLD FILM CORPORATION, Appellant; OLIVE E. GRISMER and CHARLES V. GRISMER, as Surviving Executors, and LESTER HARRISSON, as Executor, etc., of SAMUEL B. HAMBURGER, Deceased, Executor, etc., of JOSEPH R. GRISMER, Deceased, Respondents.— In accordance with stipulation of counsel, the decision of this court handed down on January 3, 1929, ▪ is hereby amended to read as follows: So much of the decree of the Surrogate's Court of Nassau county as adjudges that the claim of the World Film Corporation is not a valid claim, reversed upon the law and the facts, and the proceeding remitted to the Surrogate's Court for a new trial, costs to appellant to abide the event, payable out of the estate; upon the condition, however, that at such new trial the evidence given by the claimant's witnesses on the prior trial may be read into the record from the stenographer's minutes of that trial or from the printed record on this appeal, all with like effect as if said witnesses were personally present and testifying; that all of the documentary evidence offered by claimant which was received in evidence on the former trial may again be offered and shall again be received in evidence; that the concessions of counsel with respect thereto shall be renewed; that counsel for the accounting parties shall produce the original document which was formerly marked " Claimant's Exhibit 1 for identification," and that all of the testimony previously given with respect to claimant's Exhibit 1 for identification shall be deemed applicable to said document as if said testimony were again given by present witnesses. Appellant's claim was established by a fair preponderance of the evidence. We are of opinion that the learned surrogate erred in declining to receive in evidence claimant's Exhibit 1 for identification. Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ., concur.